U~TED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

RECEIVED

OCT 2 3 2001

MICHAEL W. ~~~~~~~ CLERK

UNITED STATES DISTRICT COURT

| | |
|---|---|
| ANTONIO REYES, | ) |
| ARTHUR ALMENDAREZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CLYDE FOURTENBURY, KENNETH DOBUCKIE, | ) |
| ZEN SZYMANSKI, DONALD N. SNYDER, | ) |
| LAMARK CARTER, KENNETH R. BRILEY, | ) |
| STEPHEN D. MOTE, ROBERT C. CATCHINGS, | ) |
| GEORGIA SCHONAUER, SHARON CARTER, | ) |
| MERLE HOEBING, MIKE PATTERSON, | ) |
| STEVE GEBHARD AND TERRI ANDERSON, | ) |
| | ) |
| Defendants, | ) |

Case No. **01C08154**

**JUDGE CASTILLO**

MAGISTRATE JUDGE ASHMAN

**DOCKETED**

OCT 2 4 2001

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. CODE (state, county, or municipal defendants)

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over the claims for relief in this complaint pursuant to 28 U.S.C. § 1331, 1343 (a)(3) and 42 U.S.C. § 1983.

2.   Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (b).

3.   Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (a) over any and all State Constitutional and law claims so related to the claims within the original jurisdiction of this Court that they may form part of the same case or controversy.

## JURY DEMAND

Plaintiffs demand trial by jury in this action on each and every one of their claims as alleged herein.

I.  **Plaintiffs:**

A. ANTONIO REYES

B. N-70282

C. Stateville Correctional Center

D. P.O. BOX  112, Joliet, Illinois  ¢0434


A. ARTHUR ALMENDAREZ

B. B-04496

C. Stateville Correctional Center

D. P.O. BOX  112, Joliet, Illinois  60434


II  **Defendants:**

A.

CLYDE FOURTENBURY

DIRECTOR/IDOC INDUSTRIES

1301 Concordia Court, P.O. BOX 19277, Springfield, Il 62794

B.

KENNETH DOBUCKIE

DIRECTOR/IDOC INDUSTRIES

1301 Concordia Court, P.O. BOX 19277, Springfield, Il 62794

C.

ZEN SZYMANSKI

SUPERINTENDANT/IDOC INDUSTRIES - Stateville C.C.

Joliet, Illinois  60434

D.

DONALD N. SNYDER

DIRECTOR/IDOC

1301 Concordia Court, P.O. BOX 19277, Springfield, Il 62794

E.

LAMARK CARTER

DEPUTY DIRECTOR/IDOC

P.O. BOX 515, 1125 Collins Street, Joliet, Il 60432

F.

KENNETH R. BRILEY

WARDEN/Stateville C.C.

Joliet, Il  60434

G.

STEPHEN D. MOTE

ASST. WARDEN/Stateville C.C.

Joliet, Il  60434

H.

ROBERT C. CATCHINGS

ASST. WARDEN/Stateville C.C.

Joliet, Il  60434

I.

GEORGIA SCHONAUER

GRIEVANCE OFFICER, Stateville C.C.

Joliet, Il  60434

J.

SHARON CARTER

COUNSELOR, Stateville C.C.

Joliet, Il  60434

K.

MERLE HOEBING

INDUSTRY SUPERVISOR, Stateville C.C.

Joliet, Il   60434

L.

MIKE PATTERSON

INDUSTRY SUPERVISOR, Stateville C.C.

Joliet, Il   60434

M.

STEVE GEBHARD

INDUSTRY SUPERVISOR, Stateville C.C.

Joliet, Il   60434

N.

TERRI ANDERSON

ADMINISTRATIVE REVIEW BOARD OFFICER

1301 Concordia Court, P.O. BOX 19277, Springfield, Il 62794


III.        **Exhaustion of Administrative Remedies**

A.

Yes, there is a grievance procedure at this institution.

B.

Yes, I have filed a grievance concerning the facts in this complaint.

C.

The grievance procedure at stateville consists of two levels, first by filling out a grievance form outlining the complaint, then submitting same to the counselor for a response.

4

Second, if I am not satisfied with her response, I may appeal the grievance to the grievance officer for his recommendation and final response from the CAO. Plaintiffs Antonio Reyes and Arthur Almendarez have complied with these procedures. The result is that our grievance was denied based on insufficient evidence to substantiate our claims.

Both plaintiffs then appealed to the Director via the Administrative Review Board. The appeal was denied based on the opinion of the ARB that the issue was appropriately addressed by the institutional administration.

Denial of our grievances by the ARB and the Director fully completes the grievance procedures at all levels. (see attached Exhibits )

IV.                              **PRIOR LAWSUITS**

    A.

       ANTONIO REYES v. ODIE WASHINGTON No. 97-1249

    B.

       Date of filing; February 10, 1997

    C.

       Suit was originally filed with a total of eight plaintiffs, Court severed plaintiff Antonio Reyes from the suit and entered another docket no.(97-1249).

    D.

       ODIE WASHINGTON, JERRY D. GILMORE, LUIS LOWERY, TIM WOODS and other unknown John Doe Defendants were named in this suit.

E.

This suit was filed in the United States District Court for the Central District of Illinois.

F.

The Honorable JOE B. McDADE was assigned to this case.

G.

Plaintiff claimed that the defendants, correctional officers violated his constitutional rights by denying him unassigned state pay during lockdowns, by failing to provide educational and vocational opportunities, by impeding his access to the courts, by misusing state funds, by discriminating against non-white and non protective custody inmates, and by subjecting him to cruel and unusual conditions of confinement.

H.

This suit was dismissed without prejudice on December 22, 1997. This suit was appealed to the Appellate Court and was dismissed for lack of jurisdiction. (late filing of notice of appeal).

## PRIOR LAWSUITS

A.

ARTHUR ALMENDAREZ v. ODIE WASHINGTON No. 97-CV-1390

B.

Date of filing; October 31, 1997

C.

Suit was originally filed with other plaintiffs, case opened pursuant to Order of 10/31/97.

D.

ODIE WASHINGTON, JERRY D. GILMORE, LUIS LOWERY, TIM WOODS, MARGE HABB, JONI STAHLMAN, M.I. PATEL and other unknown John Doe Defendants were named in this suit.

E.

This suit was filed in the United States District Court for the Central District of Illinois.

F.

The Honorable JOE. B. McDADE was assigned to this case.

G.

Plaintiff claimed that the defendants violated his rights under the 1st, 8th and 14th Amendments of the United States Constitution.

H.

This case was dismissed without prejudice for failure to exhaust administrative remedies by order and judgement on 08/13/98 [entry date 08/14/98]. No appeal was taken in this case.

V.                          **Statement of Claim**

**FACTS:**

1.    Plaintiffs Antonio Reyes and Arthur Almendarez were both assigned to line two of the ICI garment factory (tailorshop) located within the Stateville C.C. at all times relevant to this action.

2.    Defendant Steve Gebhard supervised line two and had delegated authority and decision making to inmate Johnny Dixon, N-10946 as lineleader for line two at the tailorshop at all times relevant to this action.

3.    Plaintiff Antonio Reyes previously held an assignment as a law clerk at the law library before reassignment to the tailorshop.

7

4.   That on or around February 4, 2000, plaintiff Reyes filed on inmate

Clifford Anderson's (Reg. No. 14023) behalf: one letter directed to Mr. Donald

N. Snyder, Director/IDOC addressing a violation of his First Amendment Rights

by retaliatory actions of supervisory staff, one 2-page affidavit outlining the

facts of the retaliatory conduct and one grievance alleging that supervisory

staff had individually and collectively subjected Mr. Anderson to harassment,

provocation and intimidation for exercising a Federally protected right.

(see atached exhibits A-1 through A-13)

5.   That it is a well known fact by supervisors and inmates in the tailorshop

that Mr. Reyes drafted these documents for Mr. Anderson and was helping to type

up his ideas and complaints concerning the tailorshop.

6.   That inmate Anderson's grievance was finalized on January 29, 2001, and

his letter writing continued with Mr. Reyes' assistance.

7.   That on or about March of 2001, three lineworkers off line 2 had left the

line for various reasons. Two had went to segregation and the third had left

for an operation at an outside hospital.

8.   That these three lineworkers held pants operation assignments totaling

approximately $401.00 - $511.00. (see exhibits C-1, and C-2)

9.   That on or about March of 2001, Almedarez and I asked our lineleader how

he was going to distribute additional work assignments left open by the three

inmates who held them.

10.   That our lineleader denied the fact that there were any additional work

assignments or that the $401.00 - $511.00 dollars even existed.

11.   That we then produced a copy of a diagram illustrating the work assignments

left open by the three inmates and the approximate amount each one paid per

2800 pairs of blue inmate pants.

12.   That after some discussion and debate, we were given the entire cuffs

operation totaling $60.00 per thousand pair of pants for the both of us.

13. That on or about April 11, 2001, most of our line had stayed in from work.

14. That on or about April 12, 2001, most of our line did not come in to work again and supervisor steve gebhard approached me and asked why I was in the tailorshop when there is no work and that our lineleader told us to stay in.

15. That I then told him that there was work on the line, (sew downs, button holes, buttons and tacks) that our lineleader did not tell us to stay in from work. Steve then stated that he would talk to the lineleader and see if we would be left to do some of those pants operations.

16. Steve came back with the response that we would not be given those work assignments because the linleader stated that work belonged to someone else.

17. That on or around April 12, 2001, Almendarez and Reyes walked into the supervisors office and asked to speak to Mr. steve gebhard, Almendarez then began expressing his discontent with the way our lineleader's actions are unfair, beginning with the fact that he had blatantly lied to steve against us. I also expressed my discontent with the lineleader's unfair work policies.

18. That our line did not come back to work until April 25, 2001.

19. That on April 25, 2001, at approximately 7:00 am, our lineleader approached Mr. Reyes and stated that since "people" want to go and complain to the supervisor about how unfair he was distributing the work assignments, that he is going to split the the money that was assigned to Almedarez and Reyes with other workers on the line.

20. That Mr. Reyes then asked if he was going to be fair and split the entire $401.00 - $511.00 dollars between all the workers and he said no.

21. That Mr. Reyes stated that it was his sole intent to distribute the money previously assigned to Mr. Almendarez and Mr. Reyes, he stated that that was right and walked away.

22.    That I then infor     l supervisor steve gebhard that e     ndarez and myself
had just been retaliated against for exercising our constitutionally protected
right to seek redress of our grievances in violation of the 1st Amendment.

23.    That supervisor steve informed me that all he can do is talk to our line
leader. I stated that I was capable of doing more than that.

24.    That supervisor steve informed our lineleader that we were going to put
some paperwork in and he stated that he did not care. Supervisor steve also
stated that he did not care.

25.    That on April 29, 2001, I mailed copies of a letter addressed to the
Director, Mr. Donald N. Snyder, outlining 1st and 8th amendment violations by
industry supervisory staff along with copies of 2 grievances alleging the same
to defendants Donald N Snyder, Clyde Fourtenbury, Kenneth Dobuckie, Kenneth R.
Briley, Stephen D. Mote, Robert C. Catchings and Zen Szymanski. (see attached
exhibits D-1 through D-9)

26.    That on or around April 30, 2001 at approximately 6:30 am, Mr. Reyes
personally handed defendant steve gebhard a copy of the same letter and
grievances outlining the 1st and 8th amendment rights violation.

27.    That on or around April 30, 2001, at approximately 9:00 am, defendant
steve gebhard disclosed the contents of the letter, grievances and affidavits
to defendants Merle hoebing and Mike Patterson as well as disclosing them to
our lineleader Johnny Dixon.

28.    That on or around May 1st, 2001, at approximately 10:30 am, Mr. Reyes
personally handed to his counselor, defendant sharon carter, a copy of the
letter and grievance with affidavits.

29.    That on the same date and approximate time Mr. Almendarez also handed
to his counselor a copy of the same.

30.    That on or around May 5, 2001 both Almendarez and Reyes recieved a response
from their counselor Mrs. sharon carter.

31. That both grievances were replied to on the same day each stating that Supervisor steve gebhard was contacted, that he has investigated this complaint and feels that the workload has been fairly distributed. There is no evidence of staff misconduct, grievance returned to inmate. (see attached exhibits E-1 and E-2)

32. That after recieving the counselor's response, Almendarez and Reyes filed their appeal to the institutional grievance office(r) on May, 6, 2001.

33. That on the 18th and 30th of June, 2001 Mr. Reyes requested that Mrs. sharon carter look into the delay of reponse from the grievance office(r) on our grievances. Mrs. carter stated that it could take anywhere from eight months to a year for a response because of the backlog of grievances.

34. That on July 8, 2001, Mr. Reyes addressed a letter to Warden Kenneth R. Briley concerning the delay of our grievances, that a total of 60 days have elasped and nothing has been done concerning the constitutional violations and that we could not address further complaints of retaliation because every complaint is being related back to our lineleader. Copies of this letter were also sent to defendants Donald N. Snyder-Director, Lamark Carter, Adm. Rev. Brd. Stephen D. Mote, Robert C. Catchings and the grievance officer for stateville . (see attached exhibit F-1 through F-3)

35. That on or around July 21, 2001, Mr. Reyes recieved notice from his counselor that the grievance was recieved by the grievance officer on 5/24/01, and is still pending. (see attached exhibit G-1)

36. That on or around July 26, 2001 Mr. Reyes recieved a response from Mr. Lamark Carter-Asst. Director stating that after speaking with the stateville grievance officer, my grievance was being denied because there is not sufficient evidence to substantiate the allegations of discrimination or retaliation. (see attached exhibit H-1)

37. That on or around July 30, 2001, plaintiff Reyes received a response from the institutional grievance officer indicating that there is insufficient evidence to substantiate the allegations. This grievance was signed by the CAO concurring in the grievances officers recommendation of no action. Plaintiff then sent a copy to the IDOC Director via the ARB. (see attached exhibit I-1 and I-2)

38. That on or around August 3, 2001, plaintiff Almendarez recieved a response fron the institutional grievance officer indicating that there is insufficient evidence to substantiate the allegations. This grievance was signed by the CAO concurring in the grievance officers recommendation of no action. Plaintiff then sent a copy to the IDOC Director via the ARB. (see attached exhibit J-1 and J-2)

39. That on or around August 6, 2001, palintiff Reyes addressed a letter to IDOC Director, Mr Donald N. Snyder advising him that I have recieved a response from the institutional grievance officer and that I would be pursuing my option to the ARB. That I would be forwarding a copy of the grievances so that he may observe the progress being taken and the responses given at each level. Copies of this letter were sent to defendants Lamark Carter, Adm. Rev. Brd., Kenneth R. Briley, Stephen D. Mote and Robert C. Catchings. (see attached exhibit K-1)

40. That on or around August 23, 2001, plaintiff Almendarez recieved a response from the ARB and stated that the issue was appropriately addressed by the institutional administration. It is therefore recommended the grievance be denied. (see attached exhibit L)

41. That on or around August 31, 2001, plaintiff Reyes recieved a response from the ARB and it stated that the issue was appropriately addressed by the institutional administration. It is therefore recommended the grievance be denied. The Director concurred. (see attached exhibit M)

## Claims for Relief

42. That defendant steve gebhard had actual knowledge of and participated in conspircy with Mr. Johnny Dixon in the retaliation of plaintiff's constitutional rights to seek redress of grievances and complaints and the exercise of free speech by deliberately informing Mr. Dixon that plaintiff had lodged complaints against him thus setting into motion a series of events that defendant knew or reasonably should have known would cause a deprivation of plaintiffs constitutional rights.

43. That defendant steve gebhard, on information and belief, and at all times relevant to this action, possessed by virtue of State Law, authority to command Mr. Dixon to cease immediately any unconstitutional acts.

44. That defendant steve gebhard, in his individual capacity, acting under color of law and with deliberate indifference to the ongoing violations of plaintiff's First Amendment rights, took no affirmative steps to rectify or correct this situation while knowing that such actions have resulted in plaintiffs being punished with loss of work and pay.

45. That defendant steve gebhard had actual knowledge concerning complaints against the lineleaders misuse of authority, unfair distribution of work assignments and unfair working policies.

46. That defendant steve gebhard knowingly violated IDOC rules and regulations prohibiting the placement or use of inmates in positions of authoity or supervision over other inmates, thus creating a hostile working enviornment and conflicts between inmate workers.

47. That defendant steve gebhard, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to command the lineleader from violating plaintiff's Eighth Amendment Rights.

48. That defendant steve gebhard, in his individual capacity, acting under color of law and with deliberate indifference conspired with the other named defendants to conceal the ongoing violations of plaintiff's Constitutional Rights and took no affirmative steps to rectify or correct this situation.

49. That defendants Merle Hoebing and Mike Patterson knowingly and willfully conspired with steve gebhard to violate plaintiff's constitutional rights when defendant gebhard disclosed contents of letter, grievances and affidavits outlining the First and Eighth Amendment violations to defendants. Defendants thus had actual knowledge.

50. That defendants merle hoebing and mike patterson, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to command Mr. Johnny Dixon to cease immediately any unconstitutional acts.

51. That defendants merle hoebing and mike patterson, in their individual capacities, acting under color of law and with deliberate indifference to the ongoing violation of plaintiff's First Amendment Rights, took no affirmative steps to rectify or correct this situation knowing that such actions have resulted in plaintiffs being punished with loss of work and pay.

52. That defendants merle hoebing and mike patterson had actual knowledge concerning complaints against the lineleaders misuse of authority, unfair distribution of work assignments and unfair working policies.

53. That defendant merle hoebing and mike patterson knowingly violated or allowed others to violate IDOC rules and regulations prohibiting the placement or use of inmates in positions of authority or supervision over other inmates, thus creating a hostile working enviornment and conflicts between inmate workers.

54. That defendant merle hoebing and mike patterson, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to command the lineleader from violating plaintiff's Eighth Amendment Rights.

55. That defendant merle hoebing and mike patterson in their individual capacities, acted under color of law and with deliberate indifference, conspired with the other named defendants to conceal the ongoing violations of plaintiff's Eighth Amendment Rights and took no affirmative steps to rectify or correct this situation.

56. That defendants Clyde Fourtenbury, Kenneth Dobuckie and Zen Szymanski had actual knowledge of the conspiratorial acts by defendant steve gebhard in the violation of plaintiff's First Amendment Rights when plaintiff mailed to each a copy of the letter, grievances and affidavits outlining the constitutional violations.

57. That defendants clyde fourtenbury, kenneth dobuckie and zen szymanski, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to command defendant steve gebhard to cease immediately any unconstitutional acts.

58. That defendants clyde fourtenbury, kenneth dobuckie and zen szymanski, in their individual capacities, acted under color of law and with deliberate indifference to the violation of plaintiff's First Amendment Rights, took no affirmative steps to rectify or correct this situation while knowing that such acts have resulted in plaintiffs being punished with loss of work and pay.

59. That defendan' clyde fourtenbury, kenneth ɔbuckie and zen szymanski had actual knowledge concerning the complaints against the lineleaders misuse of authority, unfair distribution of work assignments and unfair working policies.

60. That defendants clyde fourtenbury, kenneth dobuckie and zen szymanski knowingly violated or knowingly allowed others to violate IDOC rules and regulations prohibiting the placement of inmates in positions of authority or supervision over other inmates, thus creating a hostile working enviornment and conflicts between inmate workers.

61. That defendants clyde fourtenbury, kenneth dobuckie and zen szymanski, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to investigate plaintiff's Eighth Amendment claim.

62. That defendants clyde fourtenbury, kenneth dobuckie and zen szymanski, in their individual capacities, acted under color of law and with deliberate indifference, conspired with the other named defendants to conceal the ongoing violations of plaintiff's Eighth Amendment Rights and took no affirmative steps to rectify or correct this situation.

63. That defendant Stephen D. Mote, Robert C. Catchings and Lamark Carter had actual knowledge of the unconstitutional acts of retaliatory conduct by defendant steve gebhard against plaintiffs.

64. That defendants stephen mote, robert catchings and lamark carter on information and belief, and at all times relevant to this action, possessed by virtue of State Law, authority to command defendant steve gebhard to cease immediately any unconstitutional acts.

16

65.    That defendant stepen mote, robert catching and lamark carter, in their individual capacities, acted under color of law and with deliberate indifference to the ongoing violation of plaintiff's First Amendment Rights, took no affirmative steps to rectify or correct this situation while knowing that such acts have resulted in plaintiffs being punished with loss of work and pay.

66.    That defendants stephen mote, robert catchings and lamark carter had actual knowledge concerning complaints against the lineleaders misuse of authority, unfair distribution of work assignments and unfair working policies.

67.    that defendants stephen mote, robert catchings and lamark carter knowingly violated or knowingly allowed others to violate IDOC rules and regulations prohibiting the placement or use of inmates in positions of  authority or supervision over other inmates, thus creating a hostile working environment and conflicts between inmate workers.

68. That defendants stephen mote, robert catchings and lamark carter, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to investigate plaintiffs Eighth Amendment claim.

69.    That defendants stephen mote, robert catchings and lamark carter in their individual capacities, acted under color of law and with deliberate indifference, conspired with the other named defendants to conceal the ongoing violations of plaintiff's Eighth Amendment Rights and took no affirmative steps to rectify or correct this situation.

70. That defendant Sharon Carter knowingly and willfully conspired with defendant steve gebhard in violating plaintiff's constitutional rights when she assisted defendant gebhard to conceal any and all constitutional violations by violating Illinois State Statute 730 ILCS 5/3-8-8.

### 5/3-8-8. Grievances

§ 3-8-8. Grievances. (a) The Director shall establish procedures to review the grievances of committed persons. The Director may establish one or more administrative review boards within the Department to review the grievances. A committed person's right to file grievances shall not be restricted. Such procedure shall provide for the review of grievances by a person or persons other than the person or persons directly responsible for the conditions or actions against which the grievance is made.

71. That defendant sharon carter knowingly and willfully conspired with defendant steve gebhard by basing her response to plaintiff's grievance that "No evidence of staff misconduct exist" on defendant's claim that "he has investigated this complaint" in violation of Illinois State Law and Rules and Regulations of the Illinois Department of Corrections.

72. That defendant sharon carter, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to investigate plaintiff's grievances and has no authority to grant review of plaintiff's grievances to Mr. Gebhard.

73. That defendant sharon carter, in her individual capacity, acting under color of law and with deliberate indifference, conspired with defendant gebhard in the ongoing constitutional violation of plaintiffs First and Eighth Amendment Rights, and took no affirmative steps

to rectify or correct this situation while knowing that such acts have resulted in plaintiffs being punished with loss of work and pay and continual authoritative abuse by our lineleader.

74. That defendant Georgia Schonauer knowingly and willfully conspired with defendant steve gebhard in violating plaintiff's constitutional rights when she assisted defendant gebhard to conceal any and all constitutional violations by violating Illinois State Statute 730 ILCS 5/3-8-8.

75. That defendant georgia schonauer knowingly and willfully recommended "no action" on plaintiff's grievances by adopting counselor sharon carter's response and allowing defendant gebhard's own investigation to stand in violation of State Law.

76. That defendant georgia schoauer, on information and belief and at all times relevant to this action, possessed by virtue of State Law, authority to investigate plaintiff's grievances and has no authority to grant review of plaintiff's grievances to Mr. Gebhard.

77. That defendant georgia schonauer, in her individual capacity acted under color of law and with deliberate indifference, conspired with defendants sharon carter and steve gebhard in the ongoing violation of plaintiff's First and Eighth Amendment Rights, and took no affirmative steps to rectify or correct this situation while knowing that such acts have resulted in plaintiffs being punished with loss of work and pay and continual authoritative abuse by our lineleader.

78. That defendant Kenneth R. Briley, knowingly and willfully conspired with defendant steve gebhard in violating plaintiff's constitutional rights when he concurred with defendant schonauer and allowed defendant gebhard's own investigation to stand in violation of Illinois State Statute 730 ILCS 5/3-8-8.

correct this situation while knowing that such acts have resulted
in plaintiffs being punished with loss of work and pay and
continual authoritative abuse by our lineleader.

85.     That defendant Donald N. Snyder knowingly and willfully conspired
with defendant steve gebhard in violating plaintiff's constitutional
rights when he concurred with defendant terri anderson's opinion
in the dispensation of the plaintiff's grievances.

86.     That defendant snyder knowingly and willfully conspired with
defendant gebhard by allowing defendant gebhard's own investigation
to stand in violation of Illinois State Statute, 730 ILCS 5/3-8-8.

87.     That defendant snyder, in his individual capacity, acted under
color of law and with deliberate indifference conspired with defendants
terri anderson, kenneth briley, georgia schonauer, sharon carter
and steve gebhard in the ongoing violation of plaintiff's First and
Eighth Amendment Rights and took no affirmative steps to rectify or
correct this situation while knowing that such acts have resulted
in plaintiffs being punished with loss of work and pay and continual
authoritative abuse by our lineleader.

## RELIEF REQUESTED

A. Declare that the actions of the defendants described herein
   have violated plaintiff's rights under th First and Eighth
   Amendments to the United States Constitution, Illinois
   State Law under 730 ILCS 5/3-8-8 of  the Unified Code of
   Corrections.

B. Award plaintiffs a judgement against defendants in their
   individual capacities, separately and jointly, for compensatory
   damages in an amount as may be awarded by the finder of fact
   upon trial of this case.

C. Award plaintiff a judgement against the defendants in their individual capacities, separately and jointly, for punitive damages in an amount as may be awarded by the finder of fact upon trial of this case.

D. Grant such further relief as the Court deems just and proper.

Plaintiffs declare under penalty of perjury that all facts given in the complaint are true and correct.

Respectfully Submitted,

ANTONIO REYES N-70282, pro se
STATEVILLE CORRECTIONAL CENTER
P.O. BOX 112
JOLIET, ILLINOIS 60434

ARTHUR ALMENDAREZ B-04496, pro se
STATEVILLE CORRECTIONAL CENTER
P.O. BOX 112
JOLIET, ILLINOIS 60434

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 10 DAY
OF OCTOBER, 2001.

N O T A R Y  P U B L I C

"OFFICIAL SEAL"
Joann M. Dombrow
Notary Public, State of Illinois
My Commission Expires 12/18/02

22

CLIFFORD ANDERSON N-14023
P.O. BOX 112
JOLIET, IL 60434-0112

Exhibit A-

TO:
**Donald Snyder**
Director/IDOC

Dear Mr. Snyder,                                            February 4, 2000

I have recently submitted several letters to you indicating some of the problems and complaints I had been experiencing in the tailor shop. I have also included many of my ideas that I wished to share with you concerning some of the improvements that could be made that would greatly increase productivity and hence, more revenue for the State.

These letters were also distributed to other IDOC Staff members including Mr. Drago Zupevec, one of the supervisory staff in charge of the furniture factory.

Mr. Zupevec, Mike and Steve, all supervisory staff at the industry building had, individually and collectively subjected me to harassment, provocation and intimidation. In short, I have been retaliated against for exercising my Const. Rights under the First Amendment to submit written or oral complaints concerning prison conditions, in this instance, prison work conditions.

I have enclosed for your immediate review my affidavit outlining the facts relevant to this incident. After reviewing the attached affidavit you will see that the actions taken by these supervisory staff do not in any way advance any legitimate penelogical goals.

Harassing me about what I had written and why, provoking me into a confrontation by screaming into my face while spraying bodily fluids on my person and intimidating me in front of the other tailor shop workers runs contrary to the Mission Statement outlined in the Stateville C.C. Inmate Handbook dated July, 1999. (See attached exhibit A)

These actions also violate my Rights to be treated with respect, impartiality and as a human being. (See attached exhibit A)

There are well established case law which holds that prisoners retain the Right to be free from retaliation for exercise of their Right to seek Admin. or Judicial remedy of conditions of confinement.

Matzker v. Herr 748 F2d 1142   (7th cir. 1984)

Buise v. Hudkins 584 F2d 223   (7th cir. 1978)

FEB 2 5 2000

(Quoting Babcock v. White  102 F3d 267 CA 7 (Ind.)  1996)

Page -1-

"Retaliation against Constitutionally protected conduct is actionable regardless of whether the defendants actions independently violate the Constitution. A prison ficial in... therefore would hav een on notice that ANY retaliation, whatever its shape, could give rise to liability."

Exhibit A-

What purpose can the actions of these supervisory staff serve other than to openly prohibit me from exercising my First Amendment Rights and attempting to intimidate and coerce other tailor shop workers from ever exercising theirs by making me an open example of their thuggery.

I am requesting that you inform all Industry Supervisory Staff involved that "ANY" retalitory acts are prohibited by Federal Law.

Witnesses to this incident include but are not limited to;

Sgt. Hollins

Raw material clerk

Janitor

Tagger


A grievance has also been filed on this matter and is attached for your review.

Thank you for your time and consideration of this matter.


Sincerely,

Clifford Anderson
Clifford Anderson


C.C.

George Ryan/Governor
Susan T. O'Leary/IDOC Chief Legal Coun.
Donald Snyder/Director IDOC
Diane Ford/Gov. Chief Legal Coun.
Thomas Roeth/Asst. Deputy Director
Lamark Carter/Asst. Deputy Director
Clyeo Debuckie/Director of Industries
James H. Page/Warden S.C.C.
Jerome L. Springborn/Asst. Warden-Programs
Mr. Gaetz/Asst Warden-Operations
Vance Vinson/Asst. Warden
Zen Zymanski/Superintendent-Industries
Gary Wintersteen/Administrator-Law Library
Drago Zupevec/Supervisor-INdustry
Mr Steve/Supervisor-Industry
Mr. Mike/Supervisor-Industry

RECEIVED

FEB 2 5 2000

OFFICE OF
INMATE ISSUES

STATE OF ILLINOIS )
                 ) SS                              Exhibit A-
COUNTY OF WILL )

FEB 2000
RECEIVED
Maintenance

## A F F I D A V I T

I, Clifford Anderson being first duly sworn under oath deposes and state
that the foregoing is true and correct and made upon my personal knowledge and
I am competent to testify thereto.

1.) That the following series of events took place in the cutting room of
the tailor shop industries on or around Wed. Jan. 26, 2000 at approximately
9:00 am.

2.) That the following series of events took place approximately soon after
the reciept of my letters detailing the problems and complaints in the industries
and my suggestions for improvement to IDOC Supervisory Staff.

3.) That on or around Jan. 26, at approximately 9:00 am a Supervisor known
as mike came upstairs into the cutting room where I worked as a tagger. He then
stated that he had found some interesting reading and told me that he didn't
like what he was reading and didn't appreciate me writing this up. He then asked
why did I write this up?

4.) That I then informed Mike that the Superintendant of Industries had
come upstairs 3 weeks to a month ago where I had originally aired my ideas to
to him detailing the problems and complaints in the Industries and he asked me
to make a write up on all my ideas pertaining to the improvements that could be
made, to date it, send him a copy and save one for myself.

5.) That Mike then stated that he did not like my ideas and I stated that
he was not the one who had asked me to write anything down, that it was the head
of Industries that had asked me. I stated that what it amounted to was my
personal opinion based upon my observations on what was wrong with Industries
and how to improve it. Mike then stated that I had better keep my opinions to
myself.

6.) That at this time Mr. Drago Zupevec, Supervisor for the Furniture Shop
entered the cutting room. Angered and enraged he placed his face within inches
of mine screaming and hollaring at the top of his voice, wanting to know who did
I think I was and what did I know about the furniture factory and it's machines.
Mr. Zupevec also wanted to know what kind of degree I possessed and who asked
me to give such an analysis.

(23)

Exhibit A-

7.) That after Mr. Zupevec had sprayed his bodily fluids all over my face and ear, I calmly explained to him that the only th g I had written taining to the furnitu.e factory is that the building was over 50 years old and could use some updating by expanding the building allowing for more storage space and possibly more room for more machinery to be added. I had suggested that the gym should be made a part of the furniture shop.

8.) That Mr. Zupevec told me that he did not like my ideas and warned me that I had better not write anymore "Ideas".

9.) That at this time I informed him that this request was made by the head of Industries, Mr. Zen Zymanski. Mr. Zupevec then told me that he didn't believe me and that Asst. Warden Springborn told him that I had been harassing IDOC staff and the Director on telling them how to run the prison.

10.) That at this time an inspector for the tailor shop known as Steve came into the cutting room and began screaming at me asking me what the hell was I doing and I stated that Zen Zymanski requested that I write to him. Steve then began screaming at me calling me a "god-damn liar" and stated that if Mr. Zymanski wanted me to write to him about the complaints and ideas that I should have came to him and he would have what to write and how to write it.

11.) That I then stated to him that if Zen wanted his opinion he could ask him, but that he had asked for mine and told me to write everything down, date it, and to keep a copy.

12.) That Mr. Zupevec and Steve began screaming at me simultaneously and and then stormed out of the cutting room and went into the tailor shop office.

_Clifford Anderson_
A F F I A N T

"OFFICIAL SEAL"
SHARON CARTER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-8-2003

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 5-th DAY
OF FEBRUARY, 2000. July, 2001

_Sharon Carter_
N O T A R Y   P U B L I C

Exhibit A-

| | |
|---|---|
| le. .2/4/00. | Committed Person: CLIFFORD ANDERSON     ID #: N-1402? |

Present Facility: Stateville C.C.

Facility where grievance issue occurred: Stateville C.C.

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [XX] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date:

- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

- Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution
- Where Issued:

- [ ] Disability
- [ ] Other:_____

RECEIVED
FEB 2 9 2000

STAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

STAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

### THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: This grievance pertains to the violation of my Rights to be free from retailiatory actions by supervisory officials for Execise of my Protected Rights under the First Amendment of the U.S. Constitution.

On or around January of 2000 I have submitted letters to various IDOC Officials outlining some of the complaints and problems that I have been experiencing in the tailorshop industries and of the ideas and suggestions I had for improvements that could be made.

Mr. Zupevec, Mike and Steve, all known supervisory staff at the industries had, individually and collectively subjected me to harassment, provocation and intimidation. See attached Exhibit 1)

These actions are in direct conflict with the Rules, Policies and Mission of Stateville C.C. These actions also violate State and Federal Laws. See attached Exhibit 2)

Relief Requested: To be free of retaliatory actions for exercising a constitutionally protected right.

That supervisory staff be informed that retaliatory acts and conspiracy to retaliate against me for exercising a Constitutionally protected Right is in violation of State and Federal Laws.

(Attach additional pages, if necessary.)   *Clifford Anderson*

RECEIVED
FEB 1 2000
OFFICE OF
INMATE ISSUES

---

| COUNSELOR'S RESPONSE |
|---|

Date Received: 2-18-00

Response: I spoke to Industry staff members Zupevec & Steve. They stated a discussion did occure but denied the allegations as present. They are aware that retaliatory actions are illegal etc.

Counselor: *S Carter*   Print Name: S-CARTER   Date of Response: 2-22-00

Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Side 1

## GRIEVANCE OFFICER'S REPORT

Exhibit A-

| | |
|---|---|
| Date Received: | 2/29/00 | Date of Review: 3/24/00 |

Committed Person: Anderson, Clifford          Number:   N14023

Nature of Grievance:    Staff Conduct – Harassment

Facts Reviewed:    The grievant states that several Correctional Industries staff have subjected him to harassment, provocation, and intimidation because he exercised his right to complain about work conditions in the Industries Program.

have

The allegations regarding staff conduct ~~has~~ been referred to the Internal Affairs Unit by Assistant Warden Springborn on 2/22/00

Mr. Clyde Fortenbury of the Correctional Industries Program is addressing Mr. Anderson's concerns about work conditions within that program.

Recommendation:    No further action at this level is necessary at this time.

Grievance Officer: _[signature]_          Georgia Schonauer

           Signature          Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 3/27/00   ☑ I concur   ☐ I do not concur   ☐ Remand

Comments: _[handwritten]_

_[signature]_          3/27/00

    Chief Administrative Officer          Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_Clifford Anderson N14023_          4/23/00

   Committed Person's Signature/Number          Date

DC 5657    Copy: Original to the Master File          ADMINISTRATIVE REVIEW BOARD
                                                                                          1301 Concordia Court, P.C. Box 19277
                                                                                          Springfield, IL 62794-9277

    file          Side 2

Z. Szymanski

RECEIVED

MAY 0 1 2000

OFFICE OF
INMATE ISSUES

Exhibit A-

## GRIEVANCE OFFICER'S REPORT

Date Received:  11/8/00                    f Review:  12/14/00

Committed Person:   Anderson, Clifford                    Number:   N14023

Nature of Grievance:   Staff Conduct – Harassment

Facts Reviewed:   The greivant states that several Correctional Industries staff have subjected him to harassment, provocation, and intimidation because he exercised his right to complain about work conditions in the Industries Program.

This issue was initially reviewed on 3/24/00.  At that time, it was noted that Mr. Anderson's allegations regarding staff conduct had been referred to the Internal Affairs Unit and his concerns about work conditions within the Correctional Industries Program had been referred to Mr. Clyde Fortenbury.

The investigation conducted by the Internal Affairs Unit concluded that the allegations of inappropriate conduct on the part of staff were substantiated.  Industries Supervisor Z. Szymanski was provided a copy of the findings and indicated that had discussed same with cited staff persons.

Mr. Fortenbury indicates that Anderson has offered "advice" regarding the operation of the a Correctional Industries program on more than one occasions.  Mr. Fortenbury discussed with Anderson his suggested improvements for the Tailor Shop and concluded that most of his suggestions were things that he had overheard staff discussing.  Fortenbury ended the discussion after Anderson stated that he wanted to hire more inmates to the program.  It appears that staff allowed Mr. Anderson to air his proposal; however, determined that no action would be taken regarding them.

Recommendation:   No further action.

Grievance Officer: _Signature_     Georgia Schonauer
Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: 12/18/00    ☑ I concur   ☐ I do not concur   ☐ Remand

Comments:

Chief Administrative Officer _____   Date 12/18/00

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board.  I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

Clifford Anderson N14023     12/24/2000
Committed Person's Signature/Number     Date

DC 5657    Copy:  Original to the Master File
IL 426-17343                                           Side 2

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL  62794-9277



**Illinois**
Department of
**Corrections**

Exhibit A-8

George H.
Governor

Donald N. Snyder Jr.
Director

1301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

June 20, 2000

Mr. Clifford Anderson
Register No. N14023
Stateville Correctional Center

Dear Mr. Anderson:

This will acknowledge receipt of your grievance to the Administrative Review Board received, June 14, 2000, regarding Staff Conduct (IndustriesTailor Shop Supervisors, alleged harassment) which was alleged to have occurred at the Stateville Correctional Center. This Grievance was initially received in this office February 25, 2000.

The Grievance Officer's report and subsequent recommendation dated, March 24, 2000, and Warden's approval dated March 27,2000, have been reviewed. The Grievance Officer noted the allegations regarding staff conduct have been referred to the Internal Affairs Unit by Assistant Warden Springborn on 2/22/00 and Mr. Clyde Fortenbury of the Correctional Industries Program is addressing your concerns about work conditions within that program. It is noted the Grievance Officer indicated, "No further action at this level is necessary at this time." The Warden concurred and indicated a copy was to be forwarded to the Industry Superintendent for his information. matter elsewhere and did not provide a final determination or resolution to the grievance.

Based on a total review of all available information, this office recommends the matter be referred to the Stateville Correctional Center administration to provide this office with

Exhibit A-

Mr. Anderson
June 20, 2000
Page two

specific information and a final determination to the grievance at the institutional level.
The requested information is to be provided to this office within 20 days of receipt of this
letter.

FOR THE BOARD: _____

Leora Harry
Administrative Review Board
Office of Inmate Issues

I concur. Warden Page is to proceed accordingly.

_____

Donald N. Snyder, Jr.
Director

cc: Warden James Page, Stateville CC
Clifford Anderson, Register No. N14023
Tickler File



**Illinois**
Department of
**Corrections**

Exhibit
A-10

**George H**
Governor

**Donald N. Snyder Jr.**
Director

1301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 29, 2001

Mr. Clifford Anderson
Register No. N14023
Stateville Correctional Center

Dear Mr. Anderson:

This will finalize your grievance relative to Staff Conduct (Industries Tailor Shop Supervisors, alleged harassment).

By letter of June 20, 2000, this office recommended, to which the Director concurred, that the matter be referred to the Stateville Correctional Center administration to provide additional information so that the grievance could be finalized.

This office is in receipt of a final Grievance Officer's report dated December 14, 2000 that indicates the matter was handled administratively.

Based on a total review of all available information, this office recommends the grievance be denied. It is the opinion of this office the matter was handled appropriately by the Stateville Correctional Center administration.

FOR THE BOARD: 

Leora Harry, Chairperson
Administrative Review Board
Office of Inmate Issues

CONCURRED: 

Donald N. Snyder, Jr.
Director

CC: Warden Kenneth R. Briley, Stateville C.C.
Clifford Anderson, Register No. N14023
Chron. File

Exhibit
A-11

George H. R
Governor

**Illinois**
Department of
**Corrections**

**Donald N. Snyder, Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# M E M O R A N D U M

DATE:       February 22, 2000

TO:         R. Stewart, Chief Investigator
            Internal Affairs Unit

FROM:       Jerome L. Springborn
            Assistant Warden of Programs

SUBJECT:    **INMATE CLIFFORD ANDERSON, N-14023**

Reference is made to attached correspondence, as well as similar letters received by Assistant Warden Vinson and the Assistant Warden of Operations Office, alleging harassment on the part of Correctional Industry Lead Workers.

Please conduct an investigation into Inmate Anderson's allegations, and advise of your findings. Issues related to proposed changes and improvements in Correctional Industry programs will be addressed by Mr. Clyde Fortenbury, Illinois Correctional Industries.

JLS:clb

cc:     Warden James H. Page
        Assistant Warden Jesse Montgomery
        Assistant Warden Vance Vinson
        Zen Szymanski, Industry Superintendent
        Inmate Clifford Anderson, N-14023 (G-C2-26)
        Master File
        Chron
        File

Attachment

Exhibit
A-12



## Illinois
### Department of
# Corrections

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

District 1 / P.O. Box 515 / 1125 Collins Street / Joliet, IL 60432 / Telephone: (815) 727-6141 / Fax: (815) 727-9715
TDD: (800) 526-0844

November 28, 2000

Clifford Anderson
Register No. N-14023
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Anderson:

Additional correspondence you authored has been forwarded to my office from the Illinois State Police.

Once again, you are being made aware that the allegations brought by you against staff have been acknowledged. The Chief Investigator has notified you of the findings relative to the case.

Regarding the Administrative Review Board final report, the Grievance Officer is still waiting for a response from the Correctional Industries Supervisor, Chuck Fortenbury. Once this has been received, a disposition to your grievance will be forthcoming. It should be noted this case is considered closed at the institutional level.

I trust this has been responsive to your concern.

Sincerely,

Lamark Carter
Assistant Deputy Director
District 1

cc:     Warden Kenneth R. Briley
        Chief Investigator R. Stewart
        General Office File
        File

Exhibit
A-13



**Illinois**
Department of
**Corrections**

George H. Ryan
Governor

Donald N. Snyder Jr.
Director

District 1 / P.O. Box 515 / 1125 Collins Street / Joliet, IL 60432 / Telephone: (815) 727-6141 / Fax: (815) 727-9715
TDD: (800) 526-0844

March 28, 2000

Clifford Anderson
Register No. N-14023
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

Dear Mr. Anderson:

This is to acknowledge receipt of your recent letter. I have been advised that Assistant Warden Montgomery has met with you to discuss your concerns. In addition, your issues are being reviewed by the Grievance Officer at the Stateville Correctional Center.

Previous allegations concerning the conduct of Correctional Industry staff is under review by the Internal Affairs Unit at the Stateville Correctional Center. Mail Room staff at Stateville are familiar with Department Rule 525 identifying what constitutes "outgoing privileged mail" and this does not include correspondence to the head of the Correctional Industries Program.

I trust this has been responsive to your inquiry.

Sincerely,

Lamark Carter
Assistant Deputy Director
District 1

cc:  Warden James H. Page
General Office File
File

Exhibit D-

ANTONIO G. REYES N-70282
P.O. BOX 112
JOLIET, ILLINOIS 60434

TO:

DONALD N. SNYDER
Director/IDOC

RECEIVED

MAY 0 4 2001

OFFICE OF
INMATE ISSUES

Dear Mr. Snyder,                                        April 27, 2001

This letter serves to present to you the constitutional violations that have and are continuing to occur at the Stateville Industry Program through our line leader under the express direction of Supervisory Staff.

Our line leader curently has the authority to direct and control the amount of work an individual under his authority can recieve at will, at his every whim and caprice. This has subjected myself and others to unfair and unequal work assignments, conflicts and retaliatory treatment when brought to the attention of Supervisory Staff.

I am enclosing for your immediate review the following documents: 2 grievances and exhibits outlining these constitutional violations.

Thank you for your time and consideration of this matter.

Sincerely,

ANTONIO G. REYES

cc:

GEORGE H. RYAN/ILL. GOVERNOR
GEORGE DETELLA/Asst. Dep. Dir.-IDOC
ILL. LEGISLATURE/Prison Task Force Comm.
CLYDE FOURTENBURY/Dir./IDOC Industries
KENNETH DOBUCKIE/Asst. Dir./IDOC Industries
KENNETH BRILEY/Warden S.C.C.
STEPHEN D. MOTE/Asst. Warden-Operations
CATCHINGS/Asst. Warden-Programs
ZEN ZYMANSKI/Superintendant-Industries

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

Exhibit D-

Date: 4-28-01   Committed Person: (Please Print) Almendarez Arthur   ID #: Bu4996

Present Facility: STATEville C.C   Facility where grievance issue occurred: STATEville C.C

NATURE OF GRIEVANCE:

☐ Personal Property ☐ Mail Handling   Transfer Denial:   ☐ Disability
☑ Staff Conduct ☐ Dietary   ☐ By Transfer Coordinator   ☐ Other: _____
☐ Restoration of Good Time ☐ Medical Treatment   ☐ By Institution
☐ Disciplinary Report - Date: _____   ☐ Where Issued: _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.
PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: I Am Grieving the unconstitutional Acts that violate my Rights under the First and Eighth Amendments to the U.S. Constitution where: I have been retaliated against for complaints lodged against my Line Leader to a supervisor in the Tailor shop known as Steve, and that these complaints concerned working conditions violating the eighth Amendment where an inmate is placed in a position of Authority over me and that Authority was misused and abused.

_Arthur Almendarez_
# Bu4996

Relief Requested: Before the retaliatory Actions I had been Additionally Assigned to half of the Cuffs operation And would like that Back, more importantly that the existing Line Leader be replaced due to his continuance misuse of Authority cause this isn't the First Time.

(Attach additional pages, if necessary.)

COUNSELOR'S RESPONSE

Date Received: _____
Response: _____

RECEIVED
MAY 0 4 2001
OFFICE OF
INMATE ISSUES

Counselor: _____
Signature     Print Name     Date of Response

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O.

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

Exhibit D-1

| Date: APRIL 27, 2001 | Committed Person: ANTONIO G. REYES (Please Print) | ID #: N-70282 |

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. |

NATURE OF GRIEVANCE:

☐ Personal Property ☐ Mail Handling    Transfer Denial: ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ By Transfer Coordinator ☐ Other: 1st &
☐ Restoration of Good Time ☐ Medical Treatment ☐ By Institution   8th amendment
☐ Disciplinary Report - Date: _____    Where Issued: _____   violations

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.
PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: This grievance concerns the violation of my 1st & 8th Amendment rights under the U.S. Constitution.

   1st Amendment claim:

   Grievant asserts that his right to seek redress of grievances/complaints against his line leaders misuse of authority was met with retaliatory conduct that was neither prohibited or corrected by Supervisory Staff.
   That grievant sought relief from the retaliatory conduct by addressing same with an Industry Supervisor known as Steve.
   That grievant was denied relief.
   (See attached affidavit marked Exhibit A)

   8th Amendment claim:

   Greivant asserts that his line leaders misuse of authority subjected him to unfair work assignments, unfair working policies, conflicts between co-workers and an overall hostile working environment.
   (See attached affidavit marked Exhibit B)

Relief Requested: The $30.00 per thousand pairs of pants that had been assigned to me for completing the assinment (cuffs) left open by the absence of the inmate previously assigned.
and that the line leader be replaced.

(Attach additional pages, if necessary.)

| COUNSELOR'S RESPONSE |

Date Received: _____

Response: _____

RECEIVED
MAY 04 2001
OFFICE OF
INMATE ISSUES

Counselor: _____
Signature   Print Name   Date of Response

☐ Outside jurisdiction of this facility; grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O.

Exhibit D–

STATE OF ILLINOIS )
               )   SS
COUNTY OF WILL   )

## A F F I D A V I T

I, Antonio G. Reyes, being first duly sworn under oath depose and state that the foregoing is true and correct and made upon my personal knowledge and I am competent to testify thereto:

1) That on or about March of 2001, three lineworkers off line 2 had left the line, two had went to segregation and the other to an outside hospital.

2) That these three lineworkers held pants operation assignments totaling approximately $ 401.00 dollars.

3) That on or about March of 2001, Almendarez and I asked our line leader how he was distributing the $ 401.00 dollars.

4) That our line leader denied that there was any additional work assignments or that the $ 401.00 dollars existed.

5) That we then produced a copy of a diagram (Attached and marked as Exhibit C) outlining the approximate amounts available per operation left open by the three line workers.

6) That after some discussion we were given the cuffs operation totaling some $60.00 dollars per thousand pair of pant to be split with Almendarez and myself.

7) That on or about April 11, 2001, most of our line had stayed in from work.

8) That on or about April 12, 2001, Supervisor Steve approached me and asked why I was in the tailorshop when there is no work and that our line leader told us to stay in.

9) That I then told him that there was work on the line, (sew downs, buttonhole, buttons and tacks) and he stated that he would talk to our line leader and see if we would be left to do some of those operations.

10) That on or about April 12, 2001, Almendarez and I walked into the Supervisors office and asked to speak to supervisor Steve, Almendarez then began expressing his discontent with the way our line leaders actions beginning with the fact that he had so blatantly lied to Supervisor Steve against us. I also expressed my discontent with the the line leaders unfair work practicies.



RECEIVED

MAY 0 4 2001

OFFICE OF
INMATE ISSUES

Exhibit D-

11) That on or about Apr  25, 2001, at approximately 7:00    our line leader approached me and stated that since "people" want to go and complain to the Supervisor about how unfair he was concerning the work assignments, that he is going to split the money that was assigned to Almendarez and myself with other workers. (cuff opr.)

12)    That I then asked if he was going to be fair and split the entire $401.00 dollars between all the workers and he said no. I then stated that your sole intent is to distribute the money previously assigned to Almendarez and myself (cuff opr.) and he stated that that was right and walked away.

13)    That I then informed Supervisor Steve that Almendarez and myself had just been retaliated against for exercising our contitutionally protected right to seek redress of our grievances in violation of the First Amendment.

14)    That Supervisor Steve informed me that all he can do is talk to our line leader.

15)    That I then informed Supervisor Steve that I am capable of doing more then that.

16)    That Supervisor Steve informed our line leader that we were going to put some paper in  and he stated that he did not care.


_____
Antonio G. Reyes - Affiant


SUBSCRIBED AND SWORN TO
BEFORE ME THIS 28 DAY
OF APRIL, 2001.

_____
N O T A R Y   P U B L I C


RECEIVED

MAY 0 4 2001

OFFICE OF
INMATE ISSUES

CURRENT STOCK FOR LINE 2

<u>2800</u>

BLUE INMATE PANTS

SERGERS

```
1.)   700 = $ 140.00
2.)   700 = $ 140.00
3.)   700 = $ 140.00
4.)   700 = $ 140.00   ?   _____   _____   _____
```

ZIPPERS

```
!.)   700 = $ 84.00
2.)   700 = $ 84.00
3.)   700 = $ 84.00
4.)   700 = $ 84.00    ?   _____   _____   _____
```

TACKERS

```
1.)   1400 = $ 63.00
2.)   1400 = $ 63.00   ?   _____   _____   _____
```

SMALL SERGER (FLY)

```
1.)   2800 = $ 84.00   ?   _____   _____   _____
```

SMALL SERGER (CUFFS)

```
1.)   2800 = $ 84.00   ?   _____   _____   _____
```

BUTTONHOLES

```
1.)   2800 = $ 28.00   ?   _____   _____   _____
```

BUTTONS

```
1.)   2800 = $ 28.00   ?   _____   _____   _____
```

<u>TOTAL</u>   +   $ 511.00

(Please Print) AlmeNDArez ArthUr          ID #: B

| | | |
|---|---|---|
| Present Facility: STATeville C. C | Facility where grievance occurred: STATeville | Exhibit E- |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: _____
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution
- [ ] Where Issued: _____

- [ ] Disability
- [ ] Other: _____

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipli go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

### THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.

Brief Summary of Grievance: I Am Grieving the UNCONSTITUTIONAL ACTS that violate my RIGHTS under The First And Eighth Amendments to the U.S. Constitution where: I have been retaliated Against for complaints Lodged Against my Line Leader to a supervisor in the Tailor shop Known AS Steve; And that these complaints Concerned working conditions. Violating the eighth Amendment where An inmate is placed in a Position of Authority over me And that Authority is misused And Abused

_Arthur Almendarez_

#B71996

Relief Requested: Before the retaliatory Actions I had been Additionally Assigned to half the cuffs operation And would like that Back. More importantly that the existing Li Leader be replaced due to his continuance misuse of Authority cause this isnt the Fir Time.

*(Attach additional pages, if necessary.)*

| COUNSELOR'S RESPONSE |
|---|

Date Received: 5-1-01

Response: Steve Gibbard was contacted. He stated he has investi this complaint and feels the workload has been fairly dist there is no evidence of staff misconduct. grievance pertain to inmate.

Counselor: _S Carter_ (Signature)     S. CARTER (Print Name)     5-4-01 (Date of Respon)

- [ ] Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, Box 19277, Springfield, IL 62794-9277.

(Please Print)

| Present Facility: STATEVILLE C.C. | Facility where grievance occurred: STATEVII | Exhibit E-2 |

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  Transfer Denial:  ☐ Disability
☒ Staff Conduct  ☐ Dietary  ☐ By Transfer Coordinator  ☐ Other: 1st
☐ Restoration of Good Time  ☐ Medical Treatment  ☐ By Institution  8th amendment
☐ Disciplinary Report - Date: ____  ____ Where Issued: ____  violations

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on disciplin go directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: This grievance concerns the violation of my 1st & 8th Amendment rights under the U.S. Constitution.

    1st Amendment claim:

    Grievant asserts that his right to seek redress of grievances/complaints against his line leaders misuse of authority was met with retaliatory conduct that was neither prohibited or corrected by Supervisory Staff.
    That grievant sought relief from the retaliatory conduct by addressing same with an Industry Supervisor known as Steve.
    That grievant was denied relief.
    (See attached affidavit marked Exhibit A)

    8th Amendment claim:

    Greivant asserts that his line leaders misuse of authority subjected him to unfair work assignments, unfair working policies, conflicts between co-workers and an overall hostile working environment.
    (See attached affidavit marked Exhibit B)

Relief Requested: The 30.00 per thousand pairs of pants that had been assigned to m for completing the assinment (cuffs) left open by the absence of the inmate previously assigned.
and that the line leader be replaced.

(Attach additional pages, if necessary.)    _Carter D. Ray N702 8_

---

| COUNSELOR'S RESPONSE |

Date Received: 5-7-01

Response: _Industry Supv. Steve Gebhard stated this issue has been discussed with inmate line leader. In his opinion the workload has been fairly distributed. No evidence of staff misconduct exists. Grievance returned to inmate._

Counselor: _A Carter_    S. CARTER    5-7-01
Signature                Print Name              Date of Response

---

☐ Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and de of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court. P. Box 19277. Springfield, IL 62794-9277.

**ANTONIO G. REYES N-70282**
Statesville Correctional Center
P.O. Box  112
Joliet, Illinois  60434

Exhibit F-

TO:

KENNETH R. BRILEY
Warden S.C.C.

Dear Sir,                                                                July 8, 2001

I am writing in regards to my grievance dated 4-28-01 concerning the retaliatory conduct of ICI leadworker Steve Gephardt. My counselor, Ms. Sharon Carter has since then responded on 5-4-01 and on 5-6-01, I placed them in the institutional mail addressed to the grievance office(r).

I have been advised by Mr. Lamark Carter, Deputy Dir. in a letter dated May 14, 2001, that I have initiated the proper action by utilizing the established grievance procedure to address my concerns. It is quite unfortunate however, when a total of 60 days have elapsed and yet nothing has been done to correct the retaliatory acts complained of. I have spoken to my counselor on June 18, 2001 and on June 30, 2001 requesting that she look into the delay of my grievance. To this day I have not recieved any indication that my grievance will be heard in a timely manner consistent with IDOC Rules.

Of equal importance is the fact that there isn't anyone we can confide in who can immediately address complaints of further retaliatory acts because, every complaint/grievance made against our lineleader was related back to our lineleader by our supervisor, thus effectively deterring me from exercising my First Amendment Right for fear of further reprisals.

On May 14, 2001, I recieved a memorandum from the Administrative Review Board indicating that I needed to provide the grievance officer's report and/or G.O.'s final report. I would like to comply with their request as soon as possible and hope that you will assist me in doing so by placing a priority on this continuing constitutional violation. It should also be noted that this is not the first allegation of retaliatory conduct on the part of ICI leadworkers against an inmate. Thank you for your time and consideration of this matter.

Sincerely,

ANTONIO G. REYES

cc:

Donald N. Snyder/Dir. IDOC
Kenneth Zoufal/Chief Legal, IDOC
Lamark Carter/Dep. Dir.
Adm. Rev. Brd.
Mote/Asst. Warden
Catchings/Asst. Warden
Grievance Officer
George H. Ryan/Governor

Exhibit F-



**Illinois**
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

District 1 / P.O. Box 515 / 1125 Collins Street / Joliet, IL 60432 / Telephone: (815) 727-6141 / Fax: (815) 727-9715
TDD: (800) 526-0844

May 14, 2001

Antonio G. Reyes
Register No. N-70282
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Reyes:

This is to acknowledge receipt of your recent correspondence regarding the Stateville Industry program.

Please be advised you initiated the proper action by utilizing the established grievance procedure to address your concerns. The Grievance Officer will notify you of the results once the grievance has been heard.

It should be noted, however, if you are dissatisfied with the disposition you may choose to appeal your case to the Administrative Review Board within 30 days of receipt of the results.

Sincerely,

Lamark Carter, Deputy Director
District 1

cc:    Warden Kenneth R. Briley
       Grievance Officer
       General Office File
       File

Exhibit F.



**Illinois**
**Department of**
**Corrections**

George H. Ryan
*Governor*

Donald N. Snyder Jr.
*Director*

1301 Concordia Court / P.O.Box 19277 / Springfield , IL. 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

## MEMORANDUM

G223

DATE: *May 14, 2001*

TO: *Antonio Reyes*     *N70282*

    *Stateville* C.C.

FROM: Administrative Review Board, Office of Inmate Issues -*DA*

Nature of Grievance/Correspondence: *Staff Conduct*

Date Received: - *5/4/01*

The attached is being returned for the reason(s) listed below:

_____ MGT/SMGT is an administrative decision; therefore, issue will not be addressed further.

_____ Personal property issues are to be reviewed at your current facility prior to review by the ARB.

_____ Contact your correctional counselor.

__X__ Need to provide Grievance Officer's report and/or send G.O.'s final report.

_____ Use proper Committed Person's Grievance Report form (DC 5657).

_____ Provide date(s) of disciplinary report (s) and institution where incident(s) occurred.

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Request restoration of GCC to Adjustment Committee.  If request is denied, utilize the inmate grievance process for further consideration.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Contact the Record Office with your request and/or additional information.

_____ No justification for additional consideration.

_____ Address concerns to Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706.

_____ Other:

Exhibi

DATE: 7/20/01

TO: Reyes N 70282 G223

FROM: SHARON CARTER
COUNSELOR G-DORM

I received a response from the Grievance Officer on your request for status of Grievance. It was received in her office on 5/24/01 & is still pending a decision.



Exhibit H



**Illinois**
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

District 1 / P.O. Box 515 / 1125 Collins Street / Joliet, IL 60432 / Telephone: (815) 727-6141 / Fax: (815) 727-9715
TDD: (800) 526-0844

July 25, 2001

Antonio G. Reyes
Register No. N-70282
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

Dear Mr. Reyes:

This is to acknowledge receipt of your recent correspondence regarding a matter you are experiencing with the Stateville Industry program.

After speaking with the Grievance Officer, I have been advised your grievance is being denied because there is not sufficient evidence to substantiate the allegations of discrimination or retaliation. You do have the option of appealing this decision to the Administrative Review Board if you so desire. The results of the grievance will be sent to you via institutional mail.

Sincerely,

Lamark Carter
Deputy Director
District 1

cc:    Warden Kenneth R. Briley
       Grievance Officer
       General Office File
       File

Exhibit I-

### GRIEVANCE OFFICER'S REPORT

Date Received: 5/24/01      of Review: 7/25/01

Committed Person: Reyes, Antonio      Number: N70282

Nature of Grievance: Staff Conduct – Discrimination/Harassment

Facts Reviewed: The grievant alleges that Correctional Leadworker Steve Gebhard is unfairly distributing work assignments in the Tailor Shop and has retaliated against him for complaining about same.

Counselor notes that Mr. Gebhard was contacted and stated that the issue has been discussed with Mr. Reyes' lineleader and, in his opinion, the workload has been distributed fairly.

There is not sufficient evidence to substantiate the allegations of discrimination or retaliation as the grievant claims.

Recommendation: No action.

Grievance Officer: _Schonauer_        Georgia Schonauer
          Signature                         Print Name

### CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received: _7-26-01_   ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

_Kenneth R. Briley_          _7-26-01_
Chief Administrative Officer            Date

### COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board. I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_Antonio Reyes_           _7-30-01_
Committed Person's Signature/Number           Date

DC 5657·    Copy: Original to the Master File
IL 426-17343    _Inmate Reyes_
         _file_          Side 2

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 19277
Springfield, IL 62794-9277

G-223                          Exhibit I-

Illinois Department of Corrections
COMMITTED PERSON'S GRIEVANCE REPORT

| Date: APRIL 27, 2001 | Committed Person: ANTONIO G. REYES (Please Print) | ID #: N-70282 |

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. |

NATURE OF GRIEVANCE:

| ☐ Personal Property | ☐ Mail Handling | ☐ Transfer Denial: | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ By Transfer Coordinator | ☐ Other: 1st & |
| ☐ Restoration of Good Time | ☐ Medical Treatment | ☐ By Institution | 8th amendment |
| ☐ Disciplinary Report - Date: | | Where Issued: | violations |

*(stamp: MAY 2 4 2001 GRIEVANCE OFFICE)*

PAGE 1 - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

PAGE 2 - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: This grievance concerns the violation of my 1st & 8th mendment rights under the U.S. Constitution.

    1st Amendment claim:

    Grievant asserts that his right to seek redress of grievances/complaints against his line leaders misuse of authority was met with retaliatory conduct that was neither prohibited or corrected by Supervisory Staff.
    That grievant sought relief from the retaliatory conduct by addressing same with an Industry Supervisor known as Steve.
    That grievant was denied relief.
    (See attached affidavit marked Exhibit A)

    8th Amendment claim:

    Greivant asserts that his line leaders misuse of authority subjected him to unfair work assignments, unfair working policies, conflicts between co-vorkers and an overall hostile working environment.
    (See attached affidavit marked Exhibit B)

Relief Requested: The $30.00 per thousand pairs of pants that had been assigned to me for completing the assinment (cuffs) left open by the absence of the inmate previously assigned.
and that the line leader be replaced.

(Attach additional pages, if necessary.)         *Antonio G. Reyes N70282*

| COUNSELOR'S RESPONSE |

Date received: 5-1-01

Response: Industry Supr. Steve Gebhard stated this issue has been discussed with inmate lineleader(s) in his opinion the workload has been fairly distributed. No evidence of staff misconduct exists. Grievance returned to inmate.

Counselor: *S. Carter*          S. CARTER          5-4-01
            Signature              Print Name         Date of Response

] Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O.

Exhibit J-

## GRIEVANCE OFFICER'S REPORT

Date Received:  5/24/01                    Date of Review:  7/26/01

Committed Person:  Almendarez, Arthur                    Number:  B04496

Nature of Grievance:  Staff Conduct – Discrimination/Harassment

Facts Reviewed:    The grievant alleges that his line leader is unfairly distributing work assignments in the Tailor Shop and has retaliated against him for complaining about same.

Counselor notes that Mr. Gebhard was contacted and stated that the issue has been discussed with Mr. Reyes' line leader and, in his opinion, the workload has been distributed fairly.

There is not sufficient evidence to substantiate the allegations of discrimination or retaliation as the grievant claims.

Recommendation:    No action.

Grievance Officer:  _____           Georgia Schonauer
                            Signature                                   Print Name

## CHIEF ADMINISTRATIVE OFFICER'S RESPONSE

Date Received:  7-27-01       ☒ . I concur       ☐ . I do not concur       ☐   Remand

Comments:

_____                    7-27-01
Chief Administrative Officer                    Date

## COMMITTED PERSON'S APPEAL TO THE DIRECTOR

I am appealing the Chief Administrative Officer's decision to the Director, via the Administrative Review Board.  I understand this appeal must be submitted within 30 days of receipt of the Chief Administrative Officer's decision.

_____                    8-3-01
Committed Person's Signature/Number                    Date

DC 5657        Copy:  Original to the Master File
IL 426-17343

ADMINISTRATIVE REVIEW BOARD
1301 Concordia Court, P.O. Box 1927
Springfield, IL  62794-927

Side 2

Exhibit J-

Illinois Department of Correction
**COMMITTED PERSON'S GRIEVANCE REPORT**

| Date: 4-28-01 | Committed Person: (Please Print) ALMENDAREZ ARTHUR | ID #: B04996 |

| Present Facility: STATeVILLE C.C | Facility where grievance issue occurred: STATeVILLE C.C |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Restoration of Good Time
- [ ] Disciplinary Report - Date: _____
- [ ] Mail Handling
- [ ] Dietary
- [ ] Medical Treatment

Transfer Denial:
- [ ] By Transfer Coordinator
- [ ] By Institution
- Where Issued: _____

- [ ] Disability
- [ ] Other: _____

**PAGE 1** - Committed person completes and sends to counselor who completes counselor response and returns to committed person. Committed person then decides whether or not to forward to Grievance Officer. Grievances on discipline go directly to Grievance Officer.

**PAGE 2** - Grievance Officer completes, forwards to CAO; CAO responds and returns to committed person. Committed person then decides whether or not to forward to ARB.

**THIS FORM IS NOT USED FOR PROTECTIVE CUSTODY DENIALS.**

Brief Summary of Grievance: I Am grieving the unconstitutional Acts that violate MY Rights under The First And Eighth Amendments to the U.S. Constitution where: I have Been retaliated Against For complaints Lodged Against MY Line Leader conserned working condition's in the Tailor shop Known As Steve; And that these complaints inmate is placed in A position of Authority over me And that Authority was misused And abused

MAY 24 2001
GRIEVANCE OFFICE

Artur Almendarez
# B04996

Relief Requested: Before the retalitory Action I had been Administrally Assigned to half of the CFFS operation And would Like that Back more importantly that the existing Line Leader be replaced due to his continuance misuse of Authority cause this that the First time.

*(Attach additional pages, if necessary.)*

| | **COUNSELOR'S RESPONSE** | |

Date Received: 5-1-01

Response: Steve Gibbard was contacted. He stated he has investigated this complaint and feels the workload there is no evidence of staff misconduct. grievance returned to inmate.

Counselor: S Carter / S. CARTER / 5-4-01
Signature / Print Name / Date of Response

- [ ] Outside jurisdiction of this facility: grievances which arose from a facility other than the committed person's present location and denials of transfers from the Transfer Coordinator's Office forward directly to the Administrative Review Board, 1301 Concordia Court, P.O. Box 19277, Springfield, IL 62794-9277.

Exhibit K

**ANTONIO G. REYES N-70282**
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

TO:

**DONALD N. SNYDER**
Director-IDOC

Dear Sir,                                                          August 6, 2001

    I am writing to advise you that I have recieved a response
from the institutional grievance officer in regards to my complaint
of ICI staff misconduct.

    I will be pursuing my option of appealing this decision to
the Administrative Review Board and have taken this opportunity
to foward a copy of this grievance to you so that you may observe
the progress being taken and responses given at each level.

    Thank you for your time and consideration of this matter.


                                        Sincerely,


                                        Antonio G. Reyes


cc:
    George H. Ryan/Governor
    Kenneth Zoufal/Chief Legal Counsel-IDOC
    Lamark Carter/Deputy Director
    Adm. Rev. Brd.
    Kenneth R. Briley/Warden S.C.C.
    Mote/Asst. Warden S.C.C.
    Catchings/Asst. Warden S.C.C.



George H. Rya  Exhibit L
Governor

**Donald N. Snyder, Jr.**
Director

## Illinois
**Department of**
## Corrections

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 21, 2001

Arthur Almendarez
Register No. B04496
Stateville Correctional Center

Dear Mr. Almendarez:

This is in response to your grievance received on August 8, 2001, regarding Job Assignment (tailor shop), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated July 26, 2001 and approval by the Chief Administrative Officer on July 27, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Leora Harry
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc: Warden Kenneth R. Briley, Stateville Correctional Center
Arthur Almendarez, Register No. B04496
Chron. File



**George H. Ry** Ehibit M
Governor

**Donald N. Snyder, Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

August 29, 2001

Antonio Reyes
Register No. N70282
Stateville Correctional Center

Dear Mr. Reyes:

This is in response to your grievance received on August 6, 2001, regarding staff conduct (Steve Gebhard), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report and subsequent recommendation dated July 25, 2001 and approval by the Chief Administrative Officer on July 26, 2001 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Terri Anderson
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Donald N. Snyder, Jr.
Director

cc:  Warden Kenneth R. Briley, Stateville Correctional Center
Antonio Reyes, Register No. N70282
Chron. File